IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Mario Fontonez Stevenson, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>State of North Dakota, )<br>)<br>Respondent. ) | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Civil No. 3:07-cv-21 |

Before the Court is Petitioner Mario Fontonez Stevenson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. #1). Petitioner, an inmate acting pro se, filed his petition for habeas relief on February 1, 2007. See Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (en banc). In his petition, Petitioner challenges a conviction dated October 16, 2000, which occurred in Morton County, North Dakota.

This is Petitioner's second application for habeas relief from the Court with regard to the Morton County conviction. See Case No. 3:07-cv-8. On February 9, 2007, Magistrate Judge Karen K. Klein issued a Report and Recommendation concluding that Petitioner's first application should be dismissed with prejudice because it was time barred and Petitioner did not meet the "in custody" requirement (Doc. #3). On April 9, 2007, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed Petitioner's first petition for habeas relief with prejudice (Doc. #6).

On March 22, 2007, prior to the Court's dismissal of Petitioner's first habeas action, Magistrate Judge Klein issued a Report and Recommendation in this case, Petitioner's second petition for habeas relief (Doc. #2). Magistrate Judge Klein concluded the petition concerned the

1

same underlying conviction at issue in Case No. 3:07-cv-8, and recommended the petition be dismissed for the same reasons contained in the first Report and Recommendation, namely, because the petition was time barred and Petitioner was not "in custody." Petitioner filed an objection to the Magistrate Judge's Report and Recommendation (Doc. #3), and a motion challenging the Magistrate Judge's "in custody" determination (Doc. #4).

## ANALYSIS

It is important to note that the "in custody" requirement is jurisdictional. See Maleng v. Cook, 490 U.S. 488, 490 (1989). The district court lacks subject matter jurisdiction over a petition for habeas relief if the petitioner is not "in custody" for purposes of 28 U.S.C. § 2254. See Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991). The Eighth Circuit has concisely stated the standard for determining whether a habeas petitioner is "in custody":

> Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement.

Id. (citations omitted).

With regard to the conviction underlying Petitioner's application for habeas relief, the Court takes judicial notice of the following facts. See attached Exhibits 1 and 2.

(1) On October 16, 2000, Petitioner was convicted of Menacing, a class A misdemeanor under North Dakota law.

(2) Petitioner was sentenced to 1 year in the Morton County jail with all but time served suspended for a period of 1 year. He was given credit for 18 days served and placed on 1 year of unsupervised probation.

(3) The period of unsupervised probation expired on October 15, 2001.

Petitioner objects to Magistrate Judge Klein's Report and Recommendation, asserting that the Magistrate Judge's conclusion that the court is without jurisdiction is contrary to law. Although the exact nature of Petitioner's arguments is difficult to ascertain, he appears to claim that he actually served a sentence for Terrorizing, a class C felony, rather than Menacing as stated on the judgment of conviction. Thus, Petitioner contends that this case somehow falls within an exception to the "in custody" requirement, which Petitioner describes as "class of conviction." However, Petitioner has not cited any support for this rather novel conclusion.

The Court is convinced that Petitioner's "in custody" status lapsed no later than October 15, 2001, and as a result, the Court lacks subject matter jurisdiction over this case. Therefore, upon review of the Report and Recommendation, along with the entire file, the Court finds that the Magistrate Judge's position is correct. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety. For the reasons set forth therein, Stevenson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** with prejudice. Stevenson's Motion Challenging the "In Custody" Determination is **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of September, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court